# UNITED STATES DISTRICT COURT

FILED
12 NOV 15 PM 4: 35

IN THE SOUTHERN DISTRICT OF CALIFORNIA DISTRICT COURTS

BY: _____ DEPUTY

Toni Russell
    Plaintiff

Case No. **'12 CV 2763 WQH WMc**

-v-

RJM ACQUISITIONS,
    Defendant

## COMPLAINT

Toni Russell, hereby sues Defendant, RJM ACQUISITIONS.

### PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p.

3. Venue is proper in this District Court pursuant to 28 U.S.C. §1391b.

4. Plaintiff, Toni Russell is a natural person and is a resident of the State of California

5. Defendant, RJM ACQUISITION is a NEW YORK Corporation, and is authorized to do business in California.

6. All conditions precedent to the bringing of this action have been performed, waived or excused.

### FACTUAL ALLEGATIONS

7. Plaintiff obtained her consumer credit reports from the three major credit reporting agencies and found entries by entities that she was unfamiliar with in the reports.

8. Plaintiff found, after examination of her Experian consumer credit report, that Defendant RJM ACQUSITIONS had obtained Plaintiff's Experian consumer credit report on April 22, 2009, Oct 30, 2010, Oct 26 2010, Oct 25, 2010 and June 17, 2010.

9. Discovery of violation brought forth herein occurred in Nov 2012 and is within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT RJM ACQUISITIONS.

10. Paragraphs 1 through 9 are re-alleged as though fully set forth herein.

11. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

12. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

13. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

14. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

15. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

16. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant.

17. In and October, 2010 and June, 2010 Defendant obtained the Plaintiff's Experian consumer credit report without permissible purpose and in violation of the FCRA, 15 U.S.C. § 1681b. Plaintiff had

no account whereby Defendant could claim permissible purpose and said actions were a clear violation of Plaintiff's privacy.

18. Plaintiff sent a notice to RJM ACQUISITIONS of their violation of the FCRA on Oct 20, 2012 and on Oct 31, 2012. This was in an effort to mitigate damages and reach a settlement for their violation in obtaining Plaintiff's credit report before taking civil action against them. Plaintiff was not able to settle this matter with defendant prior to litigation.

19. At no time did Plaintiff give her consent for RJM ACQUISITIONS to acquire her consumer credit report from any credit reporting agency.

20. The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

21. At no time has RJM ACQUISITIONS never provided any valid justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, RJM ACQUISITIONS for statutory damages of $5,000.00, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all triable issues as a matter of law.

Dated: Nov 15, 2012

Respectfully submitted,

*[signature]*

Toni Russell
8906 Arlingdale way
Spring Valley CA  91977