# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONI RUSSELL,<br><br>            Plaintiff,<br>   vs.<br>RJM ACQUISITIONS,<br><br>            Defendant. | CASE NO. 12cv2763-WQH-WVG<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for Summary Judgment filed by Defendant RJM Acquisitions (ECF No. 18).

## I.   Background

On December 14, 2012, Plaintiff filed the Amended Complaint, which is the operative pleading in this action. (ECF No. 3). The Amended Complaint alleges that Defendant "obtained or inquired into her Trans[U]nion consumer credit report" in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq. Id.* at 1.

On October 4, 2013, Defendant filed a Motion for Summary Judgment accompanied by evidence in support of the motion. (ECF No. 18). On January 24, 2014, Plaintiff filed a Response in Opposition to the Motion for Summary Judgment. (ECF No. 38). On February 7, 2014, Defendant filed a Response in Support of the Motion for Summary Judgment. (ECF No. 41).

After review of the briefs and evidence submitted by the parties, the Court finds

this matter suitable for resolution without oral argument.[1]  *See* S.D. Cal. Civ. L.R. 7.1(d)(1).

**II.    Facts**

Defendant RJM Acquisitions is a purchaser and collector of unpaid debts. On or about December 12, 2005, Defendant purchased a portfolio of credit accounts owned by NCOP/CF, LLC. (Declaration of Douglas Greenberg ("Greenberg Decl.") ECF No. 18-4, ¶ 3). One of the assets purchased was Lane Bryant merchant credit card account number 000000000062537287. *Id.* As of December 12, 2005, Defendant was the owner and holder of the Lane Bryant merchant credit card account number 000000000062537287 ("Lane Bryant Account"). *Id.* NCOP/CF, LLC provided Defendant with information indicating that the Lane Bryant Account was opened by a Toni S. Russell on or about February 3, 1998. *Id.* ¶ 4. The information provided by NCOP/CF, LLC also indicated that the Lane Bryant Account went into default for non-payment and was charged with a balance due of $449.06 on or about March 3, 2000. *Id.* NCOP/CF, LLC also provided the Social Security number of the debtor, Toni S. Russell, and a last known address at P.O. Box 152544, San Diego, California 92195-2544. *Id.*

After Defendant became the owner and holder of the Lane Bryant Account, Defendant attempted to collect on the Lane Bryant Account by utilizing a TransUnion program available to creditors/debt collectors that uses a debtor's last known information to provide address and contact updates. *Id.* ¶ 5. Defendant's use of the TransUnion program was intended to verify the correct and current contact information of the debtor, Toni S. Russell, to assist in the collection of the overdue Lane Bryant Account. *Id.*

Each time an address is updated through the TransUnion program used by Defendant, a "soft inquiry" is placed upon the consumer's file within the credit bureau's database. *Id.* ¶ 6. These "soft inquiries" let the debtor know that a creditor has sought

---

[1] Neither party has requested oral argument in any of the pleadings.

1  contact information. *Id*. The "soft inquiries" are only visible to the debtor and are not
2  seen by a potential creditor reviewing the debtor's credit history, nor are they used in
3  the calculation of the consumer's credit score. *Id*. Defendant never placed a negative
4  notation on Plaintiff's credit report. *Id*.

5  After reviewing her TransUnion credit report, Plaintiff discovered that Defendant
6  had obtained or inquired into her TransUnion consumer credit report on June 17, 2010,
7  October 25, 2010, October 26, 2010, October 30, 2010, and June 22, 2011. (ECF No.
8  3 ¶ 7; ECF No. 38 at 2-3). Throughout this entire time period, Defendant was the owner
9  and holder of the Lane Bryant Account, which identified the original debtor as Toni S.
10 Russell. (Greenberg Decl. ¶ 7, ECF No. 18-4). At no time did Defendant access
11 information regarding Toni S. Russell through any credit reporting agency for any
12 purpose other than collection of debt owned and held by Defendant. *Id*. The
13 information Defendant has obtained indicates that Plaintiff is the person who obtained
14 credit from the merchant who originally provided credit, Lane Bryant. *Id*. ¶ 8.

15 **III.   Contentions of the Parties**

16 Defendant contends that its use of the TransUnion program "was intended to
17 verify the correct and current contact information of the debtor (Toni S. Russell) to
18 assist in the collection of the overdue Lane Bryant account." (ECF No. 18-1 at 2).
19 Defendant contends that "[t]his constitutes a 'permissible purpose' for accessing the
20 contact information of the debtor under the Fair Credit Reporting Act." *Id*. Defendant
21 contends that it properly obtained Plaintiff's updated contact information through
22 TransUnion "because it obtained the report in attempting to collect the $449.06 Lane
23 Bryant debt it purchased from NCOP/CF, LLC. [Defendant] had 'clear reason to
24 believe' that Toni Russell owed that debt, in that [] her last contact information was
25 supplied by NCOP/CF, LLC as the debtor." *Id*. at 6. Defendant also contends that
26 "Plaintiff fails to allege sufficient facts to support a claim under the FCRA and the few
27 facts actually included [in] Plaintiff's First Amended Complaint are fatal to any possible
28 claim for relief."

1    Plaintiff contends that "summary judgment is improper in this case because there
2 are genuine issues of material fact on at least one element of Plaintiff's cause of action
3 for violation of the FCRA" and that Defendant had "no permissible purpose to obtain
4 Plaintiff's credit report from TransUnion." (ECF No. 38 at 2). Plaintiff argues that
5 Defendant's Motion for Summary Judgment should be denied because:

> There is no documentation whatsoever annexed to the affidavit or pleading to evidence, in any form, any alleged obligation, debt, or account that the Defendant 'may' have been evaluating, assessing, or collecting on for any person, much less the Plaintiff, to create a permissible purpose to obtain Plaintiff's credit report.

9 *Id.* at 4. Plaintiff also objects to the evidence submitted in support of Defendant's
10 Motion for Summary Judgment because, "it is not properly authenticated, is hearsay,
11 and refers to facts not in evidence before the Court." *Id.* at 9. In support of her
12 Response in Opposition, Plaintiff includes a copy of the affidavit of Douglas
13 Greenberg, as well as a redacted page of Plaintiff's credit report. *Id.* at 15 - 19.

14 **IV.   Standard of Review**

15    "A party may move for summary judgment, identifying each claim or defense–or
16 the part of each claim or defense–on which summary judgment is sought. The court
17 shall grant summary judgment if the movant shows that there is no genuine dispute as
18 to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.
19 Civ. P. 56(a). A material fact is one that is relevant to an element of a claim or defense
20 and whose existence might affect the outcome of the suit. *See Matsushita Elec. Indus.*
21 *Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The materiality of a fact is
22 determined by the substantive law governing the claim or defense. *See Anderson v.*
23 *Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317,
24 322 (1986).

25    The moving party has the initial burden of demonstrating that summary judgment
26 is proper. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). The burden then
27 shifts to the opposing party to provide admissible evidence beyond the pleadings to
28 show that summary judgment is not appropriate. *See Celotex*, 477 U.S. at 322, 324.

1  The opposing party's evidence is to be believed, and all justifiable inferences are to be
2  drawn in her favor. *See Anderson*, 477 U.S. at 256. To avoid summary judgment, the
3  opposing party cannot rest solely on conclusory allegations of fact or law. *See Berg v.*
4  *Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, the nonmovant must designate
5  which specific facts show that there is a genuine issue for trial. *See Anderson*, 477 U.S.
6  at 256.

7  **V.   Discussion**
8      **A.   FCRA Claim**

9      The FCRA is a consumer protection statute which requires consumer reporting
10  agencies to "adopt reasonable procedures for meeting the needs of commerce for
11  consumer credit, personnel, insurance, and other information in a manner which is fair
12  and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy,
13  and proper utilization of such information." 15 U.S.C. § 1681(b). Section 1681b limits
14  the circumstances under which a credit reporting agency may furnish credit reports to
15  an enumerated set of "permissible purposes." 15 U.S.C. § 1681b. If those purposes are
16  exceeded, then 15 U.S.C. § 1681n provides consumers with a private right of action
17  against "[a]ny person who willfully fails to comply with any requirement imposed
18  under this subchapter with [potential liability] equal to the sum of ... any actual damages
19  sustained by the consumer as a result of the failure or damages of not less than $100 and
20  not more than $1,000." To prove her claim under 15 U.S.C. § 1681n, Plaintiff must
21  show that Defendant willfully obtained her credit report for an impermissible purpose.
22  15 U.S.C. § 1681b.

23      One of the permissible purposes for obtaining an individual's credit report is if
24  the entity requesting the report "intends to use the information in connection with a
25  credit transaction involving the consumer on whom the information is to be furnished
26  and involving the extension of credit to, or review or collection of an account of, the
27  consumer." 15 U.S.C. § 1681b(a)(3)(A). Courts have held that 15 U.S.C. §
28  1681b(a)(3)(A) applies to collection agencies seeking to collect on delinquent accounts.

1 *See Thomas v. U.S. Bank, N.A.*, 325 F. App'x 592, 593 (9th Cir. 2009) ("requesting a credit report with the intent to collect on a debt is among the 'permissible purposes' listed in the FCRA."); *Huertas v. Galaxy Asset Mgmt.,* 641 F.3d 28, 34 (3d Cir. 2011) (holding that accessing a consumer's credit report for purposes of collecting a debt is a permissible purpose); *Pyle v. First Nat'l Collection Bureau*, 2012 WL 1413970 at *3 (E.D. Cal. Apr. 23, 2012) ("A collection agency is permitted to obtain a consumer report if the agency is doing so for the purpose of collecting a debt.").

Defendant has provided evidence in the form of the declaration of Douglas Greenberg, General Counsel with RJM Acquisitions, LLC, that Plaintiff is the account holder of a past-due Lane Bryant credit card account, and that Defendant was the owner or holder of the defaulted account. (Greenberg Decl., ECF No. 18-4 ¶¶ 3-4, 8). Defendant has also provided evidence that "at no time did [Defendant] access information regarding [Plaintiff] through any credit reporting agency for any purpose other than collection of debt owned and held by [Defendant]." *Id*. The burden then shifts to Plaintiff to "provide admissible evidence beyond the pleadings to show that summary judgment is not appropriate." *See Celotex*, 477 U.S. at 324. Plaintiff has presented no evidence that Defendant requested her credit report for any purpose other than to attempt to collect on the debt, which is a "permissible purpose" enumerated in the FCRA. The only evidence Plaintiff has provided in support of her Response in Opposition was an additional copy of Greenberg's Declaration, and a redacted page of her credit report that indicates the dates on which RJM Acquisitions made requests through TransUnion. The Court finds that Plaintiff failed to present evidence that Defendant requested Plaintiff's credit report for an impermissible purpose. *See Thomas v. U.S. Bank, N.A.,* 325 F. App'x at 593 (affirming summary judgment when plaintiff failed to provide any evidence that defendant obtained credit report for any reason other than to collect on a debt); *Thomas v. Nelson Watson & Associates, LLC*, 2013 WL 781964 at *3 (C.D. Cal. Mar. 1, 2013) (granting summary judgment when defendant presented evidence of its attempt to collect on plaintiff's debt, and plaintiff "failed to

present evidence that [d]efendant requested [p]laintiff's credit report for an impermissible purpose.");

### B. Plaintiff's Evidentiary Objections

Plaintiff's Response in Opposition contains objections to the evidence submitted in support of Defendant's Motion for Summary Judgment. (ECF No. 38 at 9-10). Plaintiff objects on the grounds that "Defendant provides and relies on the affidavit of Douglas Greenberg with no documentation or substantiation annexed thereto in support of the statements made." *Id*. at 10. In his Declaration, Greenberg states, "... I have personal knowledge of the business records of RJM Acquisitions, including how credit card collection accounts are obtained, the information given with the collection account, and how action on the account is documented and preserved in computerized format." (ECF No. 18-4 ¶ 2). The Court finds that Greenberg relied on his own personal knowledge in support of the statements made in his Declaration. Plaintiff's objections are overruled.

### VI. Conclusion

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 18) filed by Defendant is GRANTED.

DATED: April 17, 2014

**WILLIAM Q. HAYES**
United States District Judge